

*Exhibit A*

**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**BURL CAIN**
**COMMISSIONER**

Timothy Barnes, Superintendent
Central Mississippi Correctional Facility

Post Office Box 88550
Pearl, Mississippi 39208
(601)932-2880

July 16, 2025

**Inmate Marcus J. Lloyd #237294**

**CMCF WC, BLD A, Zone B, Bed 0128**

**RE: HOW TO ENTER THE ARP PROCESS**

It is suggested that you use the following guidelines as a checklist before resubmitting your "ARP" to ensure your request is accepted and handled by the Administrative Remedy Program.

- ☐ (1) Send a letter to the CMCF ARP Department, P.O. Box 88550, Pearl, MS 39208. The letter should be as brief as possible. Present as many facts as possible to answer all questions (who, what, when, where, how). **You must send this letter through Inmate Legal Assistance Program. It will not be accepted by our office in the regular mail.**
- ☐ (2) The original letter **must contain** the phrase **"This is a Request for Administrative Remedy" must be signed** in order to enter the ARP process.
- ☒ (3) Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you. **A SEPARATE REQUEST MUST BE FILED FOR EACH COMPLAINT/ISSUE.**
- ☐ (4) The Administrative Remedy Program does not accept requests concerning property issue without an "unaltered" property slip **(proof of ownership).**
- ☐ (5) Make a copy of your letter and retain it for your records. You will not receive your original letter back and the institution is not responsible for furnishing you with a copy of your letter. If your letter concerns an RVR, a **completed** copy must be sent.
- ☐ (6) Your letter must be sent within **thirty (30) days of an alleged event**. (Unless in a case where you were ill and unable to write, etc.) **[Fifteen (15) days for RVR Appeals].**
- ☒ (7) The Administrative Remedy Program cannot accept requests for staff/inmates to be disciplined, dictation on how staff my conduct themselves (including meetings), any type of monetary compensation, **parole board issues**, camera footage or lawsuit pursuits. If your letter contains any of these requests, it will therefore be **rejected**.

*If you wish to submit your corrected request/complaint, you may do so, provided that it is timely and according to proper procedure.*

Sincerely,
*Le Tresia Stewart*
Administrative Remedy Program

Pc: Inmate File

To: ARP Director
Legal Claims Adjudicator
P.O. Box 88550
Pearl, MS 39288

Exhibit A

RECEIVED
JUL 15 2025
INMATE LEGAL
ASSISTANCE PROGRAM

FR: Marcus Lloyd #237294
West A-Building, B zone, Bed #128
P.O. Box 88550
Pearl, MS 39288

This is a Request for Administrative Remedy

On the date of June 4, 2025 M.D.O.C. staff, K-9 or other officers put I Marcus Lloyd #237294 life in jeopardy by allowing an officer to bring in a 38 special hand gun to another inmate to kill or hurt someone. That is a security breech that violates my right to be housed in a safe environment and protection by the M.D.O.C. officer who are hired to provide each inmate with safe housing, food, and protection from harm, but here at C.M.C.F. the officers cause harm.

On June 4, 2025 in West A-building kitchen at 3:15 p.m. on C.M.C.F. prison grounds the C.M.C.F. prison guards and K-9 allowed "Atypical and Significant" hardship on the inmates of the C.M.C.F. facility by letting a guard or K-9 bring a "38 special Handgun" on premiss and give it to an inmate to cause harm.

: Sandin v. Conner, 515 U.S. at 484.
The category of "Atypical and Significant" hardship has

been described as "a broad middle category of imposed restraints or deprivations that considered by themselves. By this prison not securing the access to any item that will cause an inmate bodily harm. That violates my 14th Amendment right of the U.S. Constitution that states no person shall be deprived of life, liberty or property unless by the Due Process System.

: Williams v. Lane, 851 F.2d 867, 880-81 (7th Cir 1988) By an inmate having access to a handgun is a cause of harsh and hardship condictions to the other inmates who can not no longer protect their selve because of these condictions.

: Carter v. Munoz 2008 WL 4057846 *4 (E.D.Cal., Aug 28, 2008) harsh condictions of management protection status may support claim of liberty interest.

: Koch v. Lewis, 216 F. Supp. 2d 994, 999 (D. Ariz 2001) Koch, 216 F. Supp. 2d at 1000. By officers allowing an inmate have access to an "handgun" that violates my Liberty and Life inside of M.D.O.C. Custody. The gun was seized during a random shackdown of West A-building and gun was found in West A-building kitchen and that is far as the investigation went. No officer has been arrested are charged for bring the weapon to an inmate which means my Liberty and Life is still in jeopardy. There should of been

an full investigation and an officer charged for endangering everyone life with that security breech.

### Relief Sought

To be monetary compensated for endangering my life with that significate security breech and investigation that never stopped the perpetrator.

Respectfully Submitted

*[signature]*

Witness: Kedric F. Steele #144935
Witness: James Enoch #146799
Witness: Phillip Speights #208827
Witness: _____
Witness: _____
Witness: _____